# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GLOBE SPECIALTY METALS, INC. and MISSISSIPPI SILICON LLC, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 21-00231 |

## COMPLAINT

Globe Specialty Metals, Inc. and Mississippi Silicon LLC ("Plaintiffs"), by and through their attorneys, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs seek judicial review of the final determination issued by the U.S. Department of Commerce ("Commerce") in the antidumping ("AD") investigation concerning imports of silicon metal from Bosnia and Herzegovina ("Bosnia"), Case No. A-893-001.

2. Commerce published the contested final determination in the *Federal Register* on February 26, 2021, and the AD Duty Order on April 19, 2021. *See Silicon Metal From Bosnia and Herzegovina and Iceland: Final Affirmative Determinations of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances for Iceland*, 86 Fed. Reg. 11,720 (Feb. 26, 2021) (the "*Final Determination*"); *Silicon Metal from Bosnia and Herzegovina and Iceland: Antidumping Duty Orders,* 73 Fed. Reg. 20,364 (Apr. 19, 2021) (the "*Order*").

3. The findings and conclusions of the *Final Determination* are set forth in Commerce's Issues and Decision Memorandum issued on February 22, 2021.

## JURISDICTION

4. Plaintiffs bring this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) to contest the *Final Determination* issued by Commerce in AD investigation of silicon metal from Bosnia (Case No. A-893-001).

5. Section 1516a provides, *inter alia*, for judicial review of a Commerce determination issued pursuant to 19 U.S.C. § 1673d.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c), which provides that this Court has exclusive jurisdiction over civil actions commenced under section 516A of the Tariff Act of 1930, and 19 U.S.C. § 1516a(a)(2)(B)(i), which provides that final determinations by Commerce under section 1673d are reviewable.

## STANDING

7. Plaintiffs are domestic producers of silicon metal, and therefore, are domestic interested parties as defined by 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(C), and 28 U.S.C. § 2631(k)(1).

8. Plaintiffs participated in the administrative proceeding that is the subject of this challenge and, accordingly, have standing to commence this action as a "party to the proceeding" pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

9. Plaintiffs commenced this action by filing a Summons on May 14, 2021, within 30 days after the date of publication of the Federal Register notice of the *Order*.

10. Plaintiff is filing this Complaint within 30 days after filing of the Summons.

11. Accordingly, this action was commenced within the statutory time limits specified by 19 U.S.C. § 1516a(a)(2) and 28 U.S.C. § 2636(c), and within Rules 3(a)(2) and 6(a) of the U.S. Court of International Trade.

## STATEMENT OF FACTS

12. On June 6, 2020, Plaintiffs filed petitions seeking AD investigations of imports of silicon metal from Bosnia, Iceland, and Malaysia, and a countervailing duty ("CVD") investigation of imports of silicon metal from Kazakhstan.

13. By notices published in the *Federal Register*, Commerce initiated these investigations. *See Silicon Metal From Bosnia and Herzegovina, Iceland, and Malaysia: Initiation of Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 45,177 (July 27, 2021); *Silicon Metal from the Republic of Kazakhstan: Initiation of Countervailing Duty Investigation*, 85 Fed. Reg. 45,173 (July 25, 2021).

14. In the underlying investigation giving rise to this appeal, Commerce selected one Bosnian producer, R-S Silicon D.O.O. ("RSS") as the sole "mandatory" respondent, *i.e.*, a company selected for individual examination in the investigation. *See Silicon Metal From Bosnia and Herzegovina and Iceland: Preliminary Affirmative Determinations of Sales at Less Than Fair Value*, 85 Fed. Reg. 80,009 (Dec. 11, 2020) (the "*Preliminary Determination*").

15. After being selected for individual investigation, RSS failed to respond to Commerce's AD questionnaire. *See id.* Accordingly, Commerce determined that RSS had failed to cooperate to the best of its ability in the investigation, and determined to assign the company a preliminary margin based entirely on facts available with inferences adverse to the interests of the company, commonly known as "total adverse facts available" or "total AFA," pursuant to 19 U.S.C. § 1677e(b).

16. As total AFA, Commerce assigned RSS an AD rate of 21.41 percent *ad valorem*. Commerce claimed that this AD rate was the only margin alleged in the Petition. *See id.* at 85 Fed. Reg. at 80,010. The Petition, however, alleged a margin of 39.00 percent *ad valorem*.

17. In actuality, the 21.41 percent *ad valorem* rate reflected a recalculation of the Petition margin, submitted by Petitioners, under protest, after Commerce required certain calculation changes during the initial stage of the proceeding, including the use certain financial data from a company whose financial results were dominated by operations unrelated to the production of silicon metal and hence unsuitable.

18. Petitioners submitted extensive comments and analysis during the investigation and in their case brief, demonstrating that the 21.41 percent *ad valorem* margin was not the highest margin in the Petition, and that the margin was calculated in a manner contrary to Commerce practice.

19. In their case brief, Petitioners also demonstrated that their initial calculation methodology, yielding the 39.00 percent *ad valorem* margin, was in accordance with law, supported by substantial evidence, and reflected standard Commerce practice.

20. In the *Final Determination*, Commerce rejected Plaintiffs' arguments and analysis, and continued to assign the 21.41 percent *ad valorem* margin as the total AFA rate for RSS. *Final Determination*, 86 Fed. Reg. at 11,721.

## COUNT ONE

21. Paragraphs 1 – 20 are incorporated by reference.

22. Commerce's determination to rely on a total AFA margin for RSS that was not the highest margin in the Petition is contrary to Commerce's repeatedly-articulated and followed practice, and hence, is not in accordance with law.

## COUNT TWO

23. Paragraphs 1 – 22 are incorporated by reference.

24. Commerce's determination to rely on a total AFA margin for RSS that was calculated using a financial statement from a company whose financial results were dominated

by operations unrelated to the production of silicon metal is unsupported by substantial evidence, contrary to the record evidence, and otherwise not in accordance with law.

## PRAYER FOR JUDGMENT AND RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Enter judgment in favor of Plaintiffs;

2. Hold as unlawful the portions of Commerce's *Final Determination* that are the subject of this Complaint;

3. Remand the *Final Determination* to Commerce for disposition consistent with the Court's final opinion; and

4. Provide any other such relief that this Court deems just and appropriate.


Dated: June 7, 2021                    */s/ Adam H. Gordon*
                                                     Adam H. Gordon
                                                     Jennifer M. Smith
                                                     Lauren Fraid
                                                     Ping Gong

                                                   **THE BRISTOL GROUP PLLC**
                                                   1707 L Street, NW
                                                   Suite 570
                                                   Washington, DC 20036
                                                   T: (202) 991-2701
                                                   E:  adam.gordon@bristolgrouplaw.com
                                                   *Counsel to Globe Specialty Metals, Inc. and Mississippi Silicon LLC*

## PUBLIC CERTIFICATE OF SERVICE

*Globe Specialty Metals, Inc. and Mississippi Silicon LLC v. United States*
**Court No. 20-00231**

      I, Adam H. Gordon, hereby certify that a copy of the Complaint was served on this 7th day of June, 2021 by certified U.S. mail, return receipt requested, on the following parties:

Attorney in Charge
International Trade Field Office
U.S. Department of Justice
Civil Division
Room 346, Third Floor
25 Federal Plaza
New York, NY 10278

Supervising Attorney
Civil Division
Commercial Litigation Branch
U.S. Department of Justice
Room 12124
1100 L Street, NW
Washington, DC 20530

General Counsel
U.S. Department of Commerce
14th Street and Constitution Ave, NW
Washington, DC 20230

Carolyn Bethea, Esq.
Faegre Drinker Biddle & Reath LLP
1500 K St NW
Washington, DC 20005

Gianmichele Foglia
R-S Silicon d.o.o.
Bjelajce bb,
70260 Mrkonjic Grad
Bosnia and Herzegovina

      */s/ Adam H. Gordon*
      Adam H. Gordon
      **THE BRISTOL GROUP PLLC**
      *Counsel to Globe Specialty Metals, Inc. and Mississippi Silicon LLC*